UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **CANDY STONEMAN,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**ASR RESTORATION, INC. t/a SERVPRO OF RICHMOND, INC.**<br><br>    and<br><br>**SERVPRO INDUSTRIES, INC.,**<br><br>    **Defendants.** | **Case No.: 3:11-cv-00855-HEH** |

### DEFENDANT ASR RESTORATION, INC. t/a SERVPRO OF RICHMOND, INC.'S MOTION TO DISMISS UNDER F. R. CIV. P. 12(b)(1)

Comes now, Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc. ("Servpro of Richmond"), and under F. R. Civ. P. 12(b)(1), files this Motion to Dismiss because this Court lacks subject matter jurisdiction over the three claims before it.

Plaintiff Candy Stoneman brings the instant lawsuit against two corporate defendants for harassment, wrongful discharge, and retaliation under the Americans with Disabilities Act ("ADA"). For this motion to dismiss, the Court must decide if it has subject matter jurisdiction over Plaintiff's three ADA claims. A review of the relevant records will show that it does not. From a comparison of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge (attached to the Memorandum in Support of Motion to Dismiss as **Exhibit 1**) and her Amended Complaint (Docket Entry #4, cited as "AC"), this Court will see that Plaintiff has failed to

exhaust administrative remedies with respect to all three ADA claims because they were not addressed during the EEOC phase.

Prior to bringing an ADA lawsuit, only those claims specifically stated in the EEOC charge or developed during reasonable investigation of that charge may be maintained in a subsequent lawsuit. Plaintiff now tries to avoid that requirement. Specifically, Plaintiff's harassment claim (Count I), wrongful discharge claim (Count II), and retaliation claim (Count III) should all be barred because the harassment, wrongful discharge, and retaliation allegations asserted in the Amended Complaint are not reasonably related to the allegations set forth in Plaintiff's EEOC charge. In addition, Plaintiff's wrongful discharge claim (Count II) should also be procedurally barred because that claim requires her to prove that she was performing her job to meet her employer's legitimate expectations, and she specifically told the EEOC otherwise. Further, Plaintiff's retaliation claim (Count III) should also be procedurally barred because, among other things, she made no retaliation claim before the EEOC.

Because Plaintiff's claims were never properly placed before the EEOC for consideration, as required by law, this Court lacks subject matter jurisdiction over all three claims. As a result, the Amended Complaint should be dismissed with prejudice in its entirety. *See* F. R. Civ. P. 12(h)(3) (court must dismiss action if it determines it lacks subject-matter jurisdiction).

## I. Conclusion

The burden of proving subject matter jurisdiction is squarely on Ms. Stoneman. Her Amended Complaint – filed by her present lawyers – contains factual allegations and claims wholly new and widely differing from the factual allegations and claims she placed at issue before the EEOC – by her former lawyers. The EEOC had no opportunity to investigate or

consider these new claims. These discrepancies are fatal to Ms. Stoneman's ADA claims now, as they result in a failure by her to exhaust administrative remedies.

For the reasons stated above, the reasons set forth in Servpro of Richmond's Memorandum in Support of its Motion to Dismiss, and because this Court lacks subject matter jurisdiction over the claims in the Amended Complaint, Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc. respectfully requests this Court to grant its motion and dismiss Counts I, II, and III of the Amended Complaint in their entirety with prejudice.

Respectfully submitted,

February 24, 2012

_____/s/_____
Jack W. Burtch, Jr. (VSB No. 13217)
Douglas R. Burtch (VSB No. 65316)
Macaulay & Burtch, P.C.
1015 East Main Street
Richmond, Virginia 23219
Tel: 804.649.4009
Fax: 804.649.3854
jburtch@macbur.com
dburtch@macbur.com

*Counsel for Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will then send a notification of such filing to:

>Jonathan E. Halperin, Esquire (VSB No. 32698)
>Seth R. Carroll, Esquire (VSB No. 74745)
>Geoffrey R. McDonald & Associates, P.C.
>3315 West Broad Street
>Richmond, Virginia 23230
>Tel: 804.359.4446
>Fax: 804.359.5426
>jhalperin@mcdonaldinjurylaw.com
>scarroll@mcdonaldinjurylaw.com
>
>*Counsel for Plaintiff Candy Stoneman*

>_____/s/_____
>Jack W. Burtch, Jr. (VSB No. 13217)
>Douglas R. Burtch (VSB No. 65316)
>Macaulay & Burtch, P.C.
>1015 East Main Street
>Richmond, Virginia 23219
>Tel: 804.649.4009
>Fax: 804.649.3854
>jburtch@macbur.com
>dburtch@macbur.com
>
>*Counsel for Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc.*