**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

---

**CANDY STONEMAN,**

      **Plaintiff,**

      **v.**

**ASR RESTORATION, INC. t/a SERVPRO OF**
**RICHMOND, INC.**

       **and**

**SERVPRO INDUSTRIES, INC.,**

      **Defendants.**

**Case No.: 3:11-cv-00855-HEH**

---

**DEFENDANT ASR RESTORATION, INC. t/a SERVPRO OF RICHMOND, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS UNDER F. R. CIV. P. 12(b)(1)**

Comes now, Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc. ("Servpro of Richmond"), and under F. R. Civ. P. 12(b)(1), files this Memorandum in Support of its Motion to Dismiss because this Court lacks subject matter jurisdiction over the three claims before it.

Plaintiff Candy Stoneman brings the instant lawsuit against two corporate defendants for harassment, wrongful discharge, and retaliation under the Americans with Disabilities Act ("ADA"). For this motion to dismiss, the Court must decide if it has subject matter jurisdiction over Plaintiff's three ADA claims. A review of the relevant records will show that it does not. From a comparison of Plaintiff's Equal Employment Opportunity Commission ("EEOC") charge (attached hereto as **Exhibit 1**) and her Amended Complaint (Docket Entry #4, cited as "AC"),

this Court will see that Plaintiff has failed to exhaust administrative remedies with respect to all three ADA claims because they were not addressed during the EEOC phase.

Prior to bringing an ADA lawsuit, only those claims specifically stated in the EEOC charge or developed during reasonable investigation of that charge may be maintained in a subsequent lawsuit.  Plaintiff now tries to avoid that requirement.  Specifically, Plaintiff's harassment claim (Count I), wrongful discharge claim (Count II), and retaliation claim (Count III) should all be barred because the harassment, wrongful discharge, and retaliation allegations asserted in the Amended Complaint are not reasonably related to the allegations set forth in Plaintiff's EEOC charge.  In addition, Plaintiff's wrongful discharge claim (Count II) should also be procedurally barred because that claim requires her to prove that she was performing her job to meet her employer's legitimate expectations, and she specifically told the EEOC otherwise. Further, Plaintiff's retaliation claim (Count III) should also be procedurally barred because, among other things, she made no retaliation claim before the EEOC.

Because Plaintiff's claims were never properly placed before the EEOC for consideration, as required by law, this Court lacks subject matter jurisdiction over all three claims.  As a result, the Amended Complaint should be dismissed with prejudice in its entirety. *See* F. R. Civ. P. 12(h)(3) (court must dismiss action if it determines it lacks subject-matter jurisdiction).

## I.  Relevant Procedural History

On or about November 24, 2009, Ms. Stoneman filed a Charge of Discrimination with the EEOC and the Virginia Human Rights Council against her former employer, Servpro of Richmond.  Exhibit 1.  On September 28, 2011, the EEOC issued Ms. Stoneman a Dismissal and Notice of Rights letter.  Attached hereto as **Exhibit 2**.  In that letter, the EEOC stated it was

2

"unable to conclude that the information obtained establishes violations of the statutes." *Id.* The EEOC sent courtesy copies of its notice letter to Ms. Stoneman's counsel, Pamela J. Branch, Esquire, and to Servpro of Richmond's counsel, Douglas R. Burtch. *Id.*

On December 27, 2011 (the last day of her 90 day window), and with new counsel, Ms. Stoneman filed a Complaint in this Court against Defendant ASR Restoration, Inc., t/a Servpro of Richmond, Inc. and against Defendant Servpro Industries, Inc. Docket Entry # 1. The Complaint asserted claims against both Defendants under the Family and Medical Leave Act and the ADA. *Id.* On February 2, 2012, Ms. Stoneman, by counsel, filed an Amended Complaint in this Court against both Defendants. Docket Entry #4. The Amended Complaint asserts three claims under the ADA against both Defendants (Count I, harassment; Count II, wrongful discharge; Count III, retaliation).

## II.  Standard of Review for Motion to Dismiss Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel. Wilson v. Fairfax County Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). When considering a challenge to the factual basis for subject matter jurisdiction, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In deciding whether jurisdiction exists, the court "may consider evidence outside the pleadings without converting the proceeding into one for summary judgment." *Id.* No presumption of "truthfulness attaches to the plaintiff's allegations, and the existence of disputed[,] material [evidentiary] facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *A.W. ex rel Wilson*, 548 F. Supp. 2d at 221. In its determination, a court should grant a Rule 12(b)(1) motion to dismiss if the material

3

jurisdictional facts are known, and the moving party is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co.*, 945 F.2d at 768.  That is the case here.

### III. This Court lacks subject matter jurisdiction over Plaintiff's three ADA claims because Plaintiff failed to exhaust administrative remedies on all three claims.

Under the ADA, as under Title VII, a plaintiff must exhaust administrative remedies by filing a discrimination charge with the EEOC.  *See* 42 U.S.C. § 12117(a) (incorporating the procedures set forth in Title VII).  "The purpose behind the exhaustion requirement is to ensure that the employer is put on notice of the alleged violations in hopes that the matter can be resolved out of court if possible."  *Lucas v. Henrico County Sch. Bd.*, 2011 U.S. Dist. LEXIS 115172 (E.D. Va. Aug. 25, 2011) (citing *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005)). "Importantly, a failure by the plaintiff to exhaust administrative remedies…deprives the federal courts of subject matter jurisdiction over the claim."  *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009).

An employee's EEOC charge frames the scope of the employment discrimination lawsuit that may follow.  *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002).  Only those discrimination claims (1) specifically stated in the charge or (2) developed during reasonable investigation of the original administrative charge may be maintained in a subsequent lawsuit.  *Jones*, 551 F.3d at 300.  Critically, "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."  *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005) (emphasis added).  "[I]f the factual foundation in the administrative charge is too vague to support a claim that is later presented in subsequent litigation, that claim will also be procedurally barred."  *Id.*  In addition, courts bar claims that allege discrimination on a different basis, of a different type, or of a different scope than the plaintiff alleged in the

administrative charge.  *Id.*   And, the allegation of a discrete act or acts in an administrative charge is insufficient when the plaintiff subsequently alleges a broader pattern of misconduct. *Id.* (citing *Dennis v. County of Fairfax*, 55 F.3d 151, 156-157 (4th Cir. 1995) (Title VII discrimination claim dismissed for failure to exhaust administrative remedies where EEOC charge alleged discrimination on basis of discipline but did not cover the reason for discrimination alleged in Complaint – discriminatory hiring, training, and promotion).

**A.  ADA Retaliation (Count III)**

> **i.   Plaintiff failed to exhaust administrative remedies on her ADA retaliation claim because she did not check the "retaliation" box on her EEOC charge, and she did not state a claim for retaliation anywhere in her EEOC charge.**

In her Amended Complaint, Ms. Stoneman asserts a claim for ADA retaliation. However, her EEOC charge does not state a claim for retaliation, so she cannot now bring one in federal court.[1]  On her EEOC charge, Ms. Stoneman did not check the box marked "retaliation." Exhibit 1.  That omission alone bars Ms. Stoneman's retaliation claim from going forward. *Jones*, 551 F.3d at 301 (age, sex, and race discrimination claims dismissed for lack of subject matter jurisdiction because corresponding "cause of discrimination" boxes not checked on EEOC charge); *Riley v. Technical & Mgmt. Servs. Corp.*, 872 F. Supp. 1454, 1459-60 (D. Md. 1995) (retaliation claim dismissed for lack of subject matter jurisdiction when "retaliation" boxes not checked); *see also Davenport v. Wal-Mart Stores East, L.P.*, 2008 U.S. Dist. LEXIS 37084, * 14-16 (E.D. Va. May 6, 2008) (retaliation claim dismissed for failure to exhaust administrative

---

[1]  In general, claims of retaliation may in fact be raised for the first time in federal court. *Davenport v. Wal-Mart Stores East, L.P.*, 2008 U.S. Dist. LEXIS 37084, *13 (E.D. Va. May 6, 2008) (citing *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992)).  However, this exception to the exhaustion requirement does not apply when the alleged retaliation occurred before the plaintiff filed her administrative complaint.  *Id.*

5

remedies because, among other reasons, plaintiff did not check "retaliation" box on EEOC charge).

In addition, Ms. Stoneman does not use the word "retaliation" anywhere in her EEOC charge.   And there is no evidence that a claim for retaliation was developed, considered, addressed, or contemplated during the EEOC's investigation of the original administrative complaint.   The EEOC did not ask Servpro of Richmond to respond to a claim of retaliation, and it did not do so.   *See* **Exhibit 3** (EEOC's request for a position statement and additional information) **and Exhibit 4**, Servpro of Richmond's position statement (without its enclosures). Simply put, the allegations contained in Ms. Stoneman's EEOC charge did not place the EEOC, or Servpro of Richmond, on notice of a retaliation claim.

In *Davenport*, this Court summarily dismissed a plaintiff's Title VII retaliation claim for failure to exhaust administrative remedies.  2008 U.S. Dist. LEXIS 37084, *18-19.  In doing so, this Court noted that the plaintiff failed to check the "retaliation" box on the EEOC charge, and the plaintiff failed to allege retaliation anywhere on her EEOC charge.  *Id.* at *13-14.   In that case, all of the alleged acts of retaliation occurred before the plaintiff filed her EEOC charge, so this Court would not excuse the plaintiff's failure to check the box or address retaliation elsewhere in the charge.  *Id.* at *14.  Further, this Court noted – and took into consideration – that the plaintiff filed the EEOC charge with the help of an attorney.  *Id.* at *14-15.  It also noted that the plaintiff failed to notify the employer of any retaliation claim, and that the EEOC notice did not verify that the EEOC has actually investigated a retaliation claim, because the EEOC did not issue a reasonable cause determination – "[t]hus, even assuming that [plaintiff] sufficiently alleged retaliation, it is unclear that the EEOC investigated a claim of retaliation."  *Id.* at *15-16.

Virtually all of the factors this Court considered when dismissing the plaintiff's retaliation claim in *Davenport* apply to this case.  Here, Ms. Stoneman (1) did not check the "retaliation" box on her EEOC charge, (2) failed to allege actionable retaliation on her EEOC charge, (3) prepared her EEOC charge with the assistance of her attorney at the time, Pamela Branch, Esquire of Lisa Lawrence & Associates (*see* Exhibit 2), (4) all of the alleged acts of retaliation in the Amended Complaint occurred *before* Ms. Stoneman filed her EEOC charge, and (5) the EEOC did not issue a reasonable cause determination, so it is unclear whether the EEOC even investigated a claim of retaliation.  For these reasons, this Court lacks subject matter jurisdiction over the ADA retaliation claim, and it must be dismissed as a matter of law.

> ii.     **Plaintiff failed to exhaust administrative remedies on her ADA retaliation claim because the retaliation allegations asserted in her Amended Complaint are not reasonably related to the retaliation allegations in her EEOC charge (if they exist there at all).**

The first element of an ADA retaliation claim is that the plaintiff engaged in protected activity.  *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 216 (4th Cir. 2002).  In her Amended Complaint, Ms. Stoneman asserts that the day she was fired, she "was in severe kidney pain and requested that she be allowed to see her treating physician."  AC ¶ 20.  She pleads that she "engaged in activity protected by the ADA when she requested leave to present to her doctor for treatment."  AC ¶ 54.  As an aside, Servpro of Richmond disagrees that asking to go to one's doctor is protected activity under the ADA.  Regardless, it is binding law in the Fourth Circuit that "the factual allegations made in formal litigation must correspond to those set forth in the administrative charge."  *Chacko*, 429 F.3d at 509.  Here, the factual allegations clearly do not correspond.  Ms. Stoneman's factual allegations made in formal litigation (her protected activity was requesting leave to see her doctor) do <u>not</u> correspond to the factual allegations of retaliation

7

set forth in her EEOC charge, if she even made any at all in the charge.  Either way, the EEOC

charge simply omits the whole event that Ms. Stoneman now says caused her termination – her

pain on the day she was fired and her request to go see her doctor.  This is a fatal flaw to her

current retaliation claim.

As a result of this key omission, Ms. Stoneman's retaliation claim is procedurally barred

for this reason as well.  *See id.* at 509-513 (plaintiff failed to exhaust administrative remedies on

hostile work environment claim because of "sharp differences" between evidence and

administrative charges; administrative charges dealt with different time frames, actors, and

conduct than the central evidence at trial).

**B.  ADA Wrongful Discharge (Count II)**

      **i.  Plaintiff failed to exhaust administrative remedies on her ADA wrongful discharge claim because the wrongful discharge allegations asserted in her Amended Complaint are not reasonably related to the wrongful discharge allegations contained in her EEOC charge.**

An ADA claim will be procedurally barred if the claim brought in court exceeds the

scope of the EEOC charge and any charges that would naturally have arisen from an

investigation of the EEOC charge.  *Dennis*, 55 F.3d at 156.  "Claims and bases of discrimination

set forth in a Title VII [or ADA] complaint are cognizable as long as they are like or reasonably

related to the allegations of the charge and grow out of such allegations."  *Nicol v. Imagematrix,*

*Inc.*, 767 F. Supp. 744, 753 (E.D. Va. 1991) (internal quotations omitted).  "The EEOC charge

and the complaint must, at minimum, describe the same conduct and implicate the same

individuals."  *Chacko*, 429 F.3d at 510 (4th Cir. 2005).

Here, Ms. Stoneman's EEOC charge and her Amended Complaint do not describe the

same wrongful discharge conduct – a minimum requirement for the claim to go forward.  In fact,

she presented *completely different* conduct to the EEOC than she now does to this Court.  In her EEOC charge, Ms. Stoneman gave the EEOC three factual reasons for her allegedly discriminatory termination: (1) she was "ascribed a mental health issue," (2) she was a "safety risk to other employees," and (3) "the cost of [her] continued insurance" was "the major motivation for terminating [her]."  Exhibit 1.  But to this Court, Ms. Stoneman asserts otherwise.  She now pleads a wholly separate event and reason:  she "informed Servpro that she needed medical attention from her treating physician and was immediately terminated." AC ¶ 49; *see also* AC ¶ 20 (she "was in severe pain and requested that she be allowed to see her treating physician"), AC ¶ 21 ("[w]hen she insisted on presenting to her treating physician, she was terminated by Servpro"), and AC ¶ 48 (she "was forced to choose between presenting to her doctor for necessary, emergency treatment and continued employment with the company").

This scenario about Ms. Stoneman requesting "emergency treatment" and being immediately fired for that request is a brand-new story which appears for the first time in her Complaint/Amended Complaint.  There is not a whiff of this new story in her EEOC charge.  *See* Exhibit 1.  In fact, Ms. Stoneman now tells this Court that the "only reasonable inference" drawn from "these facts" (her immediate termination because she needed emergency medical attention from her treating physician) is unlawful discharge based on her disabilities.  AC ¶ 50.  Her EEOC charge contains <u>none</u> of this.

Ms. Stoneman cannot now base her ADA wrongful discrimination claim on these critical allegations not made to the EEOC.  *See Nobles v. North Carolina*, 2008 U.S. Dist. LEXIS 38667, *15-16 (E.D.N.C. May 12, 2008) (Title VII claim dismissed for failure to exhaust administrative remedies because, "[a]s in *Chacko*, the factual allegations in the Amended Complaint in this case do not correspond to those set forth in the administrative charge.); *see also Callens v. Wash.*

*Metro. Area Transit Auth.*, 2012 U.S. Dist. LEXIS 5733 (E.D. Va. Jan. 18, 2012) (Title VII claim limited to "four discrete issues" of fact presented to the EEOC; five additional factual issues raised in Amended Complaint for the first time were "not reasonably related to the four discrete allegations addressed by the EEOC," and therefore, were "barred due to Plaintiff's failure to exhaust the administrative remedies").  Notably, in *Callens*, this Court noted that since the plaintiff limited her charge to four discrete issues, the EEOC did not ask defendant to investigate – and defendant did not investigate – issues related to other allegations raised in Amended Complaint for the first time.  *Id.* at \*12.

In sum, the EEOC was provided, and presumably investigated, conduct ("mental health issue," "safety risk to other employees," and "cost of [her] continued insurance") totally different from the conduct Ms. Stoneman now presents to this Court (immediate termination because she needed emergency medical attention from her treating physician).   In addition, Servpro of Richmond was not asked to, and did not, investigate this new event.   *See* Exhibits 3 and 4.  Under the authority laid out herein, the law does not allow Ms. Stoneman to raise these new, material allegations in this Court for the first time, and her ADA wrongful discharge claim should be procedurally barred.[2]

---

[2] Ms. Stoneman's Amended Complaint does not mention the "mental health issue" or the "safety risk to other employees" issue at all – two alleged bases for termination she provided to the EEOC to investigate.  Her Amended Complaint does mention that "Servpro employee(s)" made "comments to [her] about the amount of money she was costing the company." *See* AC ¶ 26.  However, for this money issue, Ms. Stoneman does not identify what employee(s) were involved, she does not identify the comments in question, and she does not relate those alleged comments to her termination of employment.  Also, the specific reason for termination set out in her Amended Complaint is her immediate need for medical attention, not the cost of her insurance.  *See* AC ¶ 48-49.

      **ii.**    **Plaintiff also failed to exhaust administrative remedies with respect to her ADA wrongful discharge claim because that claim requires her to prove that she was performing her job to meet her employer's legitimate expectations, and she specifically stated otherwise in her EEOC charge.**

An essential element of ADA wrongful termination is that at the time of discharge, plaintiff's job performance was meeting her employer's legitimate expectations. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).   In her Amended Complaint, Ms. Stoneman makes the following conclusory allegations to this Court:  "her work performance at all times met or exceeded Servpro's legitimate expectations" (AC ¶ 24), and that "for more than twenty years preceding her termination, Ms. Stoneman was fulfilling and often succeeding Servpro's legitimate expectations" (AC ¶ 42).   However, Ms. Stoneman told the EEOC otherwise.  In her EEOC charge, Ms. Stoneman explicitly wrote that in "late 2008" the company "started to take issue with my performance."  Exhibit 1.

This contradiction is fatal to Ms. Stoneman's ADA wrongful discharge claim, as under the relevant authority addressed herein, her new and conflicting factual allegations presented to this Court in her Amended Complaint (1) are not reasonably related to the allegations of her EEOC charge and do not grow out of her EEOC allegation, (2) do not correspond to the allegations of her EEOC charge, (3) do not describe the same conduct, and (4) both greatly expand – and contradict – the scope of the information presented to the EEOC.  As a result, Ms. Stoneman's ADA wrongful discharge claim is also barred for failure to exhaust administrative remedies.

11

### C.  ADA Harassment (Count I)

  **i. Plaintiff failed to exhaust administrative remedies on her ADA harassment claim because the harassment allegations asserted in her Amended Complaint are not reasonably related to the harassment allegations in her EEOC charge (if they exist there at all).**

  The Fourth Circuit has recognized a cause of action for ADA harassment/hostile work environment.  In an ADA hostile work environment claim, a plaintiff establishes a prima facie case if she demonstrates that (1) she is a qualified individual with a disability; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her disability; (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of employment; and (5) some factual basis exists to impute liability for the harassment to the employer.  *Fox v. GMC*, 247 F.3d 169, 177 (4th Cir. 2001).  As addressed above, for an ADA claim to move forward, it must be presented to the EEOC for consideration.  Also as addressed above, for a claim to move forward – and not be procedurally barred – the factual allegations made in formal litigation must correspond to those set forth in the EEOC charge.  *See Chacko*, 429 F.3d at 509.

  In her EEOC charge, Ms. Stoneman did use the word "harassment."  Exhibit 1.  She stated: "…I was told that if I did not call a psychiatrist, I would be terminated.  I refused to do so after months of harassment by the owners and was fired."  *Id.*  That is the only use of the word "harassment" (or any similar form of the word) in the EEOC charge, and it is not tied in any way to an allegation of harassment on the basis of a disability.  In fact, Ms. Stoneman's next sentence of her EEOC charge ties this alleged "harassment" to a monetary cost ("the major motivation for terminating me was the cost of continued insurance for my health issues").  *Id.*

Further, Ms. Stoneman's other factual allegations in her EEOC charge are too vague to support the ADA harassment claim she presents to this Court.  In her EEOC charge, Ms. Stoneman's other factual allegations refer to the company taking "issue with my performance," changes in "my work duties and compensation, for numerous issues that were unprecedented," being given "an unreasonable ultimatum," and being "threatened with termination."  Exhibit 1. These allegations are vague, ambiguous, and not tied to any alleged disability.

In her Amended Complaint, Ms. Stoneman pleads that she was "subject to unwelcome harassment by Servpro" and that "Servpro's harassment of [her] was based on her qualifying disability."  AC ¶ 34, 35.  These are just bald statements without any factual support.  Ms. Stoneman's Amended Complaint also alleges she was presented new "job roles and responsibilities" (AC ¶ 14), she "felt increasing pressure" and "hostility" from management (AC ¶ 15), she was told her "hours would be deducted" (AC ¶ 16), she "was offered accommodations" that "never materialized or were not taken seriously" (AC ¶ 18), and "employee(s) made…comments to [her] about the money she was costing the company" (AC ¶ 26).  These allegations are not reasonably related to anything she complained about to the EEOC, and the claim should be dismissed accordingly.[3]

Moreover, as with Ms. Stoneman's ADA retaliation claim, the EEOC notice did not verify that it investigated an ADA harassment claim at all because it did not issue a reasonable cause determination.  *See Davenport*, 2008 U.S. Dist. LEXIS 37084, at * 15-16.  It is also unclear how the EEOC could have investigated the allegations made in the Amended Complaint

---

[3] Both Ms. Stoneman's EEOC charge and Amended Complaint assert that there were changes to her job duties and pay.  *See* Exhibit 1; AC ¶ 14.  However, Servpro of Richmond submits that single allegation cannot not support a claim for ADA harassment.

("pressure" and "hostility" from management, deduction of hours, and offers of accommodations), if those were not raised in the administrative charge.

In short, the scope of the ADA harassment claim now asserted in this Court is far different from the scope set out in the EEOC charge, if there even is an ADA harassment claim addressed in the EEOC charge at all. As a result, Ms. Stoneman's ADA harassment claim should be barred as well. *See Miles v. Goldschmidt Chem. Corp.*, 2007 U.S. Dist. LEXIS 75063 (E.D. Va. Oct. 9, 2007, Judge Hudson) (Title VII and ADEA failure to promote claims dismissed for failure to exhaust administrative remedies because charge of discrimination contained no mention of a failure to promote).

**D. ADA Reasonable Accommodation**

      **i.** **Plaintiff failed to exhaust administrative remedies with respect to any claim she now attempts to bring for ADA failure to accommodate because she did not allege any request for accommodation or a failure to accommodate in her EEOC charge.**

On its face, Ms. Stoneman's Amended Complaint does not appear to include a separate count for ADA failure accommodate. *See* AC. However, in her Amended Complaint, Ms. Stoneman nonetheless talks about a failure to accommodate multiple times and asserts that Servpro in fact failed to provide reasonable accommodation to her. She pleads, "[a]t various points, Ms. Stoneman was offered accommodations by Servpro. Many of the accommodations never materialized or were not taken seriously by Servpro" (AC ¶ 18), and also that Servpro "refused to provide reasonable accommodations it promised Ms. Stoneman" (AC ¶ 28).

Significantly, Ms. Stoneman did not address any claim for ADA reasonable accommodation in her EEOC charge. She did not tell the EEOC that she requested an accommodation or that an accommodation was addressed, offered, promised, discussed, or

refused in any way.  The word "accommodation" was not used, stated or implied in her EEOC charge.  *See* Exhibit 1.  Given this omission, Ms. Stoneman cannot now assert a claim for reasonable accommodation in this Court.  And she cannot use a factual allegation concerning an alleged failure to accommodate to support any of her other ADA claims – such claims were never before the EEOC, so they could not be a part of a reasonable investigation of her administrative charge.

## IV. Conclusion

The burden of proving subject matter jurisdiction is squarely on Ms. Stoneman.  Her Amended Complaint – filed by her present lawyers – contains factual allegations and claims wholly new and widely differing from the factual allegations and claims she placed at issue before the EEOC – by her former lawyers.  The EEOC had no opportunity to investigate or consider these new claims.  These discrepancies are fatal to Ms. Stoneman's ADA claims now, as they result in a failure by her to exhaust administrative remedies.

For the reasons stated above, and because this Court lacks subject matter jurisdiction over the claims in the Amended Complaint, Defendant ASR Restoration, Inc. t/a Servpro of Richmond, Inc. respectfully requests this Court to grant its motion and dismiss Counts I, II, and III of the Amended Complaint in their entirety with prejudice.

Respectfully submitted,

February 24, 2012

_____/s/_____
Jack W. Burtch, Jr. (VSB No. 13217)
Douglas R. Burtch (VSB No. 65316)
Macaulay & Burtch, P.C.
1015 East Main Street

Richmond, Virginia 23219
Tel: 804.649.4009
Fax: 804.649.3854
jburtch@macbur.com
dburtch@macbur.com

*Counsel for Defendant ASR Restoration, Inc. t/a*
*Servpro of Richmond, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of February 2012, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will then send a notification of such filing to:

Jonathan E. Halperin, Esquire (VSB No. 32698)
Seth R. Carroll, Esquire (VSB No. 74745)
Geoffrey R. McDonald & Associates, P.C.
3315 West Broad Street
Richmond, Virginia 23230
Tel: 804.359.4446
Fax: 804.359.5426
jhalperin@mcdonaldinjurylaw.com
scarroll@mcdonaldinjurylaw.com

*Counsel for Plaintiff Candy Stoneman*

_____/s/_____
Jack W. Burtch, Jr. (VSB No. 13217)
Douglas R. Burtch (VSB No. 65316)
Macaulay & Burtch, P.C.
1015 East Main Street
Richmond, Virginia 23219
Tel: 804.649.4009
Fax: 804.649.3854
jburtch@macbur.com
dburtch@macbur.com

*Counsel for Defendant ASR Restoration, Inc. t/a*
*Servpro of Richmond, Inc.*

16